IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No.:  1:18-cr-00123 |
| | : | |
| ELMER MARTINEZ, | : | |
|     Defendant. | : | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE PREJUDICIAL LANGUAGE FROM INDICTMENT**

NOW COMES the Defendant ELMER MARTINEZ, through counsel, and submits this memorandum in support of his motion to strike prejudicial language from the instant indictment.

**I.       Relevant Facts**

The defendant stands indicted on a multi-count superseding indictment.  The caption of the superseding indictment identifies each defendant along with a corresponding alias.

**II.      Legal Predicate**

A motion to strike an alias from an indictment should be granted where the prosecution fails to offer proof relating to alias used in the indictment, although proven, holds no relationship to the acts charged.  *United States v. Clark*, 541 F.2d 1016 (4th Cir. 1976).  An alias may be struck from an indictment if it does not serve a useful purpose, such as identifying the accused or protecting him from double jeopardy. *United States v. Payden*, 613 F.Supp. 800 (DCNY 1985). See also *United States v. Hines,* 955 F.2d 1449, 1454 (11th Cir. 1992) (use of alias in indictment is permissible if necessary to connect defendant with acts charged). In *United States v Wilkerson,* 456 F2d 57 (6th Cir. 1972), *cert denied,* 408 US 926 (1972), the United States Court of Appeals for the Sixth Circuit noted its disapproval of the practice of including aliases in indictments, noting that the principal use of the inclusion of an alias was to gain prejudicial advantage from

the general belief of individuals, including those that sit on juries, "[t]hat people who use aliases are inherently suspect." *Id.* at 59.

The United States Court of Appeals for the Fourth Circuit has established a three-part test in evaluating the appropriateness of granting a motion to strike pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure. The test requires a defendant to establish that the language at issue "is (1) not relevant to the charges; (2) inflammatory; and (3) prejudicial." *United States v. Pleasant*, 125 F. Supp. 2d 173, 184 n.9 (E.D. Va. 2000) (citation omitted); *accord United States v. Hartsell*, 127 F.3d 343, 353 (4th Cir. 1997) (declining to strike surplusage because "even if the paragraphs were unnecessary . . . we find no indication whatsoever that they were prejudicial"). *See generally* 1 Charles Alan Wright, Federal Practice and Procedure § 127 (3d ed. 1999).

Further, Rule 7(c) of the Federal Rules of Criminal Procedure provides that "the indictment . . . must be a *plain, concise, and definite* written statement of the *essential* facts constituting the offense charged." Fed. R. Crim. P. 7(c) (emphasis added). This provision contemplates an indictment that merely pleads each of the factual elements of the offense charged. It does not contemplate the inclusion of every piece of evidence that ultimately may be relevant to building a case against the defendant.

Although the cases defining surplusage sometimes inquire as to whether the material is "relevant to the charges," *see Pleasant*, 125 F. Supp. 2d at 184 n.9, this language should not be read as permitting any material that would be legally relevant at trial. Because so much material can qualify as legally relevant, such a reading would contravene the explicit language of Rule 7(c). Rather, as described by the Fourth Circuit in *Hartsall*, 127 F.3d at 353, the question is whether that material is "unnecessary" in making out a *prima facie* pleading of the violation.

### III. Argument

#### A. Relevancy

In the instant matter, there is no relevant reason for the use of any of the alias identified in the caption of the indictment. In a light most favorable to the government, the defendants are known by some individuals by one or more alias. However, it is unclear how these alleged aliases have any connection to the actual crimes charged. Simply because evidence exists to establish the use of an alias by one or more defendants is insufficient to warrant its inclusion in an indictment. As the above-cited cases make clear, the government must show a nexus between the alleged alias and the crime committed. The government cannot meet such burden.

#### B. Inflammatory

In the instant case the defendant submits all of the alleged alias used in the superseding indictment are inflammatory. However, as it relates to the alleged alias attributable to him it is difficult to imagine language more inflammatory. The offending language refers to the defendant as "Killer." As this Honorable Court is well aware, the defendant is charged with murder. The inflammatory nature of having the superseding indictment refer to the defendant as "Killer" is clear.

#### C. Prejudicial

Again, as stated above, the alias used in the superseding indictment refers to the defendant as "Killer." He is charged with participating in two murders. The prejudicial impact is equally as evident as it's inflammatory nature. A jury will be entrusted to evaluate the competent evidence against the defendant absent any bias or prejudice. This Court should not permit such prejudice to the defendant.

### IV. Conclusion

WHEREFORE, the Defendant respectfully urges this Honorable Court to strike the prejudicial language described above from the indictment.

I ASK FOR THIS,

ELMER MARTINEZ
By Counsel

_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins Law
VIRGINIA STATE BAR NO.: 39161
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for ELMER MARTINEZ

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this November 18, 2019.

_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins Law
VIRGINIA STATE BAR NO.: 39161
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for ELMER MARTINEZ