IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal Action No.:  1:18-cr-00123 |
| : | |
| ELMER MARTINEZ, : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT
TO EXCLUDE CO-DEFENDANTS INCULPATORY STATEMENT
PURSUANT TO BRUTON**

Given this Court's scheduling order to file pretrial motions without the completion of discovery, counsel anticipates that the Government will seek to introduce inculpatory statements made by co-defendants in this matter. Specifically, counsel anticipates that the government will offer transcripts and/or play video recordings of the interrogations and confessions of Mr. Zelaya Martinez's co-defendants.  To start, Mr. Zelaya Martinez made no inculpatory statements. However, some co-defendants in their respective interrogations implicate Mr. Zelaya Martinez in the murders of E.E.E.M and S.A.A.T, and Mr. Zelaya Martinez's position within MS-13. Presumably, the government will introduce statements by co-defendants under the legal fiction that the jury will not consider such statements against Mr. Zelaya Martinez.  This tactic by the Government will violate Mr. Zelaya Martinez's rights under the Sixth Amendment and will violate Mr. Zelaya Martinez's Constitutional Right to confront witnesses against him. Moreover, the Federal Rules of Evidence prohibit the introduction of evidence whose probative value is substantially outweighed by the dangers of unfair prejudice and jury confusion. As such, this Court should prohibit statements by co-defendants that implicate Mr. Zelaya Martinez in MS-13 and/or the murders of E.E.E.M and S.A.A.T.

## BACKGROUND

Mr. Zelaya Martinez and some of his co-defendants are charged with the kidnapping and murders of E.E.E.M and S.A.A.T

Several co-defendants made inculpatory statements regarding their respective roles in the murders of E.E.E.M and S.A.A.T, and their participation in MS-13. Mr. Zelaya Martinez did not give any inculpatory statements regarding the murders of E.E.E.M and S.A.A.T. As of the date of this filling, all co-defendants are scheduled to be tried together. Hence, the concern for co-defendants' inculpatory statements being used in Mr. Zelaya Martinez's trial. Additionally, since obtaining inculpatory statements from Mr. Zelaya Martinez's co-defendants, the Government has yet to produce any redacted transcript of those interrogations or offer any suggestions on how to deal with this issue.

Any out-of-court statement by a co-defendant is inadmissible against another co-defendant, and a jury may not consider the co-defendant's statement in deciding the guilt of another co-defendant. *Bruton v. United States,* 391 U.S. 123 (1968). All defendants have a Sixth Amendment right to confront the witnesses against them. s*ee Crawford v. Washington*, 541 U.S. 36 (2004). In an effort to address the concerns raised in *Bruton,* the Supreme Court and the Fourth Circuit have approved redacted confessions by co-defendants which eliminate any reference to other co-defendants, *see Richardson v. Marsh*, 481 U.S. 200 (1987). Another remedy approved by the Courts is to have redacted confessions replace any specific mention of a co-defendant's name with a neutral pronoun, *see United States v. Akinkoye,* 185 F.3d (4th Cir. 1999). In theory, such remedies are designed to minimize the unfair prejudice to co-defendants resulting from the admission of another co-defendant's inculpatory statement at trial. Such remedies are not meant to permit the Government to use a co-defendant's inadmissible hearsay

statement against another co-defendant.

## ARGUMENT

The Sixth Amendment's Confrontation Clause guarantees the right of the accused "to be confronted with the witness against him." U.S. Const. Amend. VI. Simply put, a co-defendant's confession is not admissible evidence against another co-defendant in a joint trial, because the co-defendants cannot cross-examine each other. *Bruton v. United States,* 391 U.S. 123, 126.

In *Bruton,* the Supreme Court held that the admission of a co-defendant's confession in a joint trial violated the accused's right to confrontation under the Sixth Amendment, despite limiting instructions to the jury that the co-defendant's confession should not be considered as evidence against the accused. *Id.* at 126. The Court reasoned that the risk that the jury will disregard the instruction and convict the accused on the basis of inadmissible evidence is too great to be tolerated under the Sixth Amendment. *Id* at 126. Subsequently, in *Richardson v. Marsh,* 481 U.S. 200, the Supreme Court refined *Bruton* by holding that the introduction of a co-defendant's confession redacted to completely eliminate any reference to the defendant did not violate the Confrontation Clause. *Id* at 211. And in *Gray v. Maryland,* 523 U.S. 185, the Court held that a redacted confession which merely replaced the names of specific individuals with blanks and the word "delete" did violate the Confrontation Clause, because the redactions left the confession facially incriminatory against the co-defendants. *Id.* at 195.

The Fourth Circuit has held that a redacted confession which used neutral pronouns (as opposed to blanks and the word "delete") in place of the names of specific co-defendants satisfied the restrictions of the Confrontation Clause. *United States v. Akinkoye*, 185 F.3d 192. However, neither *Richardson* nor *Akinkoye* established a blanket rule of admissibility, or endorsed the rule that the Government could, through proper redaction, use one co-defendant's

statement as evidence of guilt against another co-defendant. This Court thus remains obligated to instruct the jury that it must disregard a co-defendant's confession when determining the guilt of another co-defendant.

The courts in *Richardson* and *Akinkoye* sought to balance the efficient administration of justice with the inherent risk that the jury may improperly convict a defendant based on his co-defendant's confession. Neither case dealt with a "confession" like the confessions at issue here. In the instant case, law enforcement was not only able to elicit confessions from several co-defendants regarding their respective roles in MS-13 and the murders, but also the role, membership, and participation in the murders by other co-defendants.

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger or…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The term "unfair prejudice" in Rule 403 refers to the "capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt…on an improper basis." *Old Chief v. United States,* 519 U.S. 172, 180 (1997). Mr. Zelaya Martinez's concern of course is the prejudice identified by *Bruton* - namely, convicting him based on a co-defendant's confession. *See Zafiro v. United States,* 506 U.S. 534,539 (1993) ("Evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice.").

Using a Rule 403 balancing test, the balancing test favors excluding a co-defendant's confession which implicates another co-defendant. The Government can certainly use a co-defendant's statement that directly implicates the declarant about his role, but to allow the declarant co-defendant to implicate others, even using pronouns, and expect the jury to not see

through the facade is simply disingenuous. Thus, a co-defendant's statement not directly pertaining to the declarant's guilt and implicates the co-defendants, are a violation of Mr. Zelaya Martinez's right to confront the witnesses against him and in stark violation of Rule 403.

Mr. Zelaya Martinez therefore request this Court to order the Government be prohibited from introducing all statements made by co-defendants that implicate Mr. Zelaya Martinez in the murders of E.E.E.M and S.A.A.T, and his membership in MS-13.

## CONCLUSION

For the foregoing reasons, this Court should prohibit the Government from using a co-defendant's statement implicating Mr. Zelaya Martinez in the murders of E.E.E.M and S.A.A.T, and his propertied membership in MS-13.

Respectfully Submitted,

By: /s/_____
Manuel E. Leiva VSB # 42942
*Attorney for Defendant*
The Leiva Law Firm, PLC
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
(703) 352-6400
Facsimile (703) 352-5226
mleiva@leiva-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019, I caused to be filed the foregoing document with the court through the Court's CM/ECF system.

By: /s/_____
Manuel E. Leiva VSB # 42942
*Attorney for Defendant*
The Leiva Law Firm, PLC

5

3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
(703) 352-6400
Facsimile (703) 352-5226
mleiva@leiva-law.com

6