IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-123 |
| | ) | |
| ELMER ZELAYA MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO CONTINUE JANUARY 13, 2021 COURT APPEARANCE TO MARCH 1, 2021, OR A DATE THEREAFTER CONVENIENT TO THE COURT**

This Court scheduled oral argument on certain pending motions for January 13, 2021, at 11:00 a.m. See Order, dated, November 30, 2020 (Doc. No. 747); see also Order, dated, December 7, 2020 (Doc. No. 752). On January 5, 2021, in response to the rising rates of COVID-19 both locally and nationally, coupled with consideration of General Order No. 2020-24 (E.D.Va. December 18, 2020) (available at https://www.vaed.uscourts.gov/sites/vaed/files/General%20Order%202020-24.pdf), Defendant Elmer Zelaya Martinez, by and through counsel, filed a motion seeking to hold the January 13, 2021 court appearance remotely, and, if the motion was denied, for permission for out-of-state counsel to participate remotely (Doc. No 771). On January 6, 2021, the Government filed a brief response stating that it "has no objection to Zelaya and his counsel appearing remotely. Counsel for the government, unless ordered otherwise, intend to appear in person." Gov't Resp., dated, January 6, 2021 (Doc. No. 772). Shortly thereafter, this Court granted Defendant's motion. See Order, dated, January 8, 2021 (Doc. No. 778).

1

A series of emails then followed wherein it became clear that the Government had misunderstood the intent of Defendant's motion and had believed that the motion sought only for the defense to proceed remotely, not all parties.  See, generally, Emails, dated, January 8 and 9, 2021 (annexed collectively as, "Exhibit A").  Likewise, the defense appeared to have misinterpreted the Government's response, believing that the Government did not oppose the motion.  See Exhibit A at 2.  Upon information and belief, in light of the apparent misunderstanding between the parties, the Court's position is that for this particular hearing the Court would permit the parties to choose whether they each prefer to appear remotely or in-person and that this Court does not intend to compel either party to proceed in a manner that they do not feel comfortable.  See Exhibit A at 4.  As such, since the Government elects to appear in person, the Court concluded that they may do so, and then inquired whether that impacted the defendant's position on whether we still wish to proceed remotely.  Id.

In an email, dated, January 9, 2021, defense counsel explained that "[w]e are still concerned with the safety of an in-person court appearance at this time, but we never meant to force any party to proceed in a manner that they did not want." Exhibit A at 2.  As such, and also based upon a new General Order issued by the Chief Judge of this District, the defense then inquired whether it would be possible to adjourn the arguments until March 1, 2021, in the hope that "by then this 'second wave' of the pandemic will have subsided enough to alleviate the concerns discussed at length in the latest General Order."  Exhibit A at 2, referring to, General Order No. 2021-01 (E.D.Va. Jan. 8, 2021) (available at https://www.vaed.uscourts.gov/sites/vaed/files/Gen%20Order%202021-01%20-%20Temporary%20Suspension%20of%20Jury%20Trials%20Grand%20Jury%20and%2

0Misdemeanor%20Docket.pdf). The Government declined to state its position with respect to Defendant's request by email and invited the instant motion for a continuance, see Exhibit A at 1, which we now advance.

As discussed in Defendant's motion to hold the January 13, 2021, court appearance remotely, on the December 18, 2020, the Hon. Mark S. Davis, Chief Judge of the United States District Court for the Eastern District of Virginia, issued an order "re-authoriz[ing] the use of video conferencing, or telephone conferencing if video conferencing is not reasonable available, for all events listed in Section 15002(b) of the CARES Act," as well as for plea and sentencing hearings. General Order 2020-24 at 6-7. This conclusion was reached after a finding that "[d]ata available from the Virginia Department of Health, and other sources, plainly reveals that the community spread of COVID-19 is accelerating in all Divisions of this Court." General Order 2020-24 at 2. Indeed, "[t]he average number of new COVID-19 cases identified each day in Virginia is currently four times greater than it was in September when this Court issued its last CARES Act extension, with COVID-19 hospitalizations now at their highest level since the pandemic began." General Order 2020-24 at 2 (emphasis added and footnote omitted). Chief Judge Davis also relied upon the fact that, "In response to the sustained increase in new cases and hospitalizations, on December 10, 2020, the Governor of Virginia issued a 'modified stay at home order' seeking to curb the ongoing transmission of COVID-19 in Virginia." General Order 2020-24 at 2-3.

Last night Chief Judge Davis issued an additional General Order that, inter alia, temporarily suspended all criminal jury trials, Grand Jury proceedings, and in-person misdemeanor, traffic, and petty offenses through February 28, 2021. See, generally,

General Order No. 2021-01 (E.D.Va. Jan. 8, 2021). As part of the General Order, Chief Judge Davis also discussed implications on Speed Trial Findings, directing:

> From the date of this General Order through February 28, 2021, all judges and court personnel should continue to take all reasonably available steps to reduce the number of individuals gathered (masked and socially distanced) for any live proceeding, and judges are encouraged to continue utilizing video teleconferencing to the greatest extent possible. With the Governor's December 10, 2020 Executive Order being issued after close consultation with medical experts familiar with pandemic conditions specific to the Commonwealth of Virginia, and with community conditions substantially deteriorating during the month following the issuance of such Executive Order, this Court will continue to **limit all gatherings, including gatherings within our Courtrooms, to no more than ten individuals <u>whenever possible</u>,** recognizing that limited exceptions will be necessary to allow continued operation of our Court while preserving public access to our proceedings.

General Order 2021-01 at 8-9 (emphasis in original).

The Chief Judge's General Orders clearly came after great consideration. General Order 2021-01 notes, "First, in the last several weeks, there has continued to be facility exposure events in our Courthouses even though many less people have been physically present during the holidays. These incidents include individuals with the U.S. Marshals Service, chambers staff, clerk's office employees, contractors, and probation officers. Additionally, criminal defendants have tested positive for COVID-19 (either before or after being in our Courthouses), and criminal defense attorneys and Assistant United States Attorneys have informed the Court of their exposure/potential exposure to COVID -19, which has impacted scheduling of certain in-person sentencing hearings." General Order No. 2021-01 at 3.

"Second, it is not an exaggeration to say that COVID-19 case counts and hospitalizations across Virginia have skyrocketed during the Thanksgiving and December holiday season. When this Court suspended criminal jury trials shortly before Thanksgiving, the 7-day average of new daily cases in Virginia was approximately 1,600 cases, which at the time was the highest it had been during the pandemic. As of today, the average number of daily cases in Virginia is over 4,700, which again constitutes a record-high (the 7-day average has increased by over 1,000 in the last ten days alone, and new daily cases have exceeded 5,200 for three straight days). The number of people hospitalized in Virginia with COVID-19 has likewise experienced an unprecedented spike, with the 7-day average of hospitalizations increasing from approximately 1,300 in mid-November to over 2,850 as of the date of this Order [January 8, 2021], again the highest it has been during the pandemic." General Order No. 2021-01 at 4. Moreover, "As of today, … the Alexandria region … [has] cities/counties with positivity rates nearing or exceeding 21%[.]" General Order No. 2021-01 at 4.

Chief Judge Davis likewise explained that "[t]he average number of daily deaths in Virginia is also near a record high, with more than twice as many deaths now occurring each day as compared to mid-November (nearly 400 deaths have been reported in the last ten days)." General Order No. 2021-01 at 5. Chef Judge Davis then re-emphasized that on December 10, 2020, the Governor of Virginia issued a "modified stay at home order" "limit[ing] certain public and private gatherings to <u>no more than 10 people</u>," General Order No. 2021-01 at 5, before ultimately concluded that this Court shall likewise "continue to **limit all gatherings, including gatherings within our Courtrooms, to no more than ten individuals <u>whenever possible</u>**[.]" General Order No. 2021-01 at 9 (emphasis in original).

5

In light of these orders the defense still believes the easiest and safest course of action for *all* participants is to hold the January 13, 2021 court appearance remotely for all parties.  This is particularly the case because this Court appearance would likely involve ***over 10 individuals***: three prosecutors, at least three defense counsel, one to three U.S. Marshals and/or Courtroom Security Officers, Your Honor, Your Honor's Courtroom Deputy, the court reporter, Mr. Zelaya Martinez, an interpreter, and possibly one or more of Your Honor's law clerks.

That said, we recognize the Government does not wish to proceed remotely and we are not asking this Court to direct them to appear in a manner that they do not desire. However, just as the Government should not be compelled to appear in a manner that they do not desire, we respectfully submit that the defense likewise should not be similarly compelled.

There is no doubt that the simplest solution would be to allow the Government to appear in-person and to allow the defense to appear remotely.  The problem, however, is that we do not have Mr. Zelaya Martinez's consent to proceed in that manner.  This was not intentional.  It simply never occurred to us that the Government would insist on an in-person appearance in light of this District's General Orders and our experiences in other Federal proceedings during the pandemic.  As such, while Mr. Zelaya Martinez has given us his consent to participate in a remote hearing, where all parties are remote, we have not had the opportunity to raise a hybrid solution where neither he nor any of his counsel would be present in court, while this Court and the Government would.

For these reasons, we respectfully submit that an adjournment to March 1, 2021, the first business day after the expiration of General Order No. 2021-01 would be a fair

6

and reasonable compromise, particularly in light of the health and safety concerns existing at present. Doing so would hopefully then allow the parties to all participate in-person without exceeding the 10-person limit recommended in the General Order, and we can think of no way in which the Government would be prejudiced by this proposed 47-day continuance. Were this Court to deny the instant continuance motion and permit the Government to appear in person on January 13, 2021 for oral argument, then the defendant and defense counsel will appear in person as well, as we do not believe it would be appropriate for the entire defense team to appear remotely under those circumstances.[1]

## **Conclusion**

Accordingly, for all of the reasons discussed herein, Defendant Elmer Zelaya Martinez, by and through counsel, respectfully requests: (1) that the January 13, 2021, court appearance be continued to March 1, 2021; and (2), if a continuance is denied then Defendant renews his request for permission for Mr. Bachrach to participate remotely either by video or by telephone.

---

[1] If still acceptable to this Court, the defense still requests that Mr. Bachrach be permitted to proceed remotely for two reasons. First, due to the stringent travel restrictions required by residents of New York State who leave the State for any purpose. See Motion to Proceed Remotely (Doc. No. 771) at 4-5. Second, because late last night Mr. Bachrach was informed that his daughter had been in close contact with another student at her school who had tested positive for COVID-19. As a result, Mr. Bachrach, his daughter, and wife are all now quarantining and scheduled to get tested for COVID-19 on Monday. New York State health protocols advise against Mr. Bachrach and his family leaving quarantine – except to get tested or for medical treatment – until negative test results are received, 14 days have passed, or a doctor has informed them that it safe to leave quarantine. We do not foresee any impropriety in a single member of the defense team participating remotely given that all others will be present with the defendant in person, particularly under these circumstances.

Dated: Alexandria, Virginia
January 9, 2021

Respectfully submitted,

_____/S/_____
Robert L. Jenkins, Jr.
Bynum & Jenks PLLC
Virginia State Bar No.: 39161
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309-0899 Telephone
(703) 229-8652 Fax
RJenkins@BynumAndJenkinsLaw.com

Michael K. Bachrach
Law Office of Michael K. Bachrach
224 West 30th Street, Suite 302
New York, New York 10001
(212) 929-0592
michael@mbachlaw.com

Manuel E. Leiva
The Leiva Law Firm PLC
3955 Chain Bridge Rd., 2nd Floor
Fairfax, VA 22030
(703) 352-6400
mleiva@leiva-law.com

William A. Morrison
The Morrison Firm LLC
50 Hurt Plaza, Suite 1110
Atlanta, Georgia 30303
(470) 444-9533
bill@themorrisonfirm.com

*Counsel for Defendant Elmer Zelaya Martinez*