IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                                                      ) | Case No. 1:18-cr-00123-RDA-2 |
| ) | |
| ELMER ZELAYA MARTINEZ,      ) | |
| ) | |
| Defendant.                                       ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE JANUARY 13, 2021 HEARING UNTIL MARCH 1, 2021**

Defendant Elmer Zelaya Martinez ("Zelaya") seeks to continue the January 13, 2021 hearing on pending motions—a hearing that has been scheduled for months—on the grounds that, without his consent, three of his attorneys will have to participate in person, causing the number of individuals who will be present for the hearing to exceed the number recommended in the January 8, 2021 General Order for gatherings within courtrooms.  Docket Entry ("DE") 779. However, Zelaya fails to provide an adequate explanation as to why his attorneys have not sought such consent or why they anticipate that he will not give it.  Nor does Zelaya articulate how he would be prejudiced if government counsel attend the scheduled hearing in person while some number of his attorneys appear remotely.  Because the pending motions are ripe for disposition and there is no sound reason to further delay their resolution, the government opposes the instant motion to continue.

Background

On May 19, 2020, the Court entered a scheduling order adopting deadlines and hearing dates proposed by the parties that set a hearing on capital motions and capital discovery motions for January 7, 2021.  DE 562 at 2, 4.  On November 30, 2020, the Court scheduled a hearing on

Zelaya's pending motion to continue the trial date and related filing deadlines for January 13, 2021, and ordered that the motions hearing scheduled for January 7, 2021, was continued until January 13, 2021. DE 747.

Eight days before the scheduled hearing on his pending motions, Zelaya filed a motion asking that "the January 13, 2021 court appearance be held remotely," or, alternatively, that one of his attorneys, Michael Bachrach, be permitted to participate remotely either by video or telephone. DE 771 at 6. Before filing the motion, defense counsel did not ask the government to consent to the relief requested, let alone seek the government's position on the matter. The day after Zelaya filed his motion, the government responded, advising that it had no objection to Zelaya and his counsel appearing remotely but that counsel for the government intended to appear in person unless ordered otherwise. DE 772.

On January 8, 2021, the Court granted the motion, but noted in its Order that "the Defendant is the party requesting remote appearance for the hearing." DE 778. Because the government was uncertain whether the Court intended by its Order to require the government to appear remotely as well, it sought clarification from chambers via email, copying defense counsel. Later that same day, the Court's law clerk advised that "for this particular hearing, the parties have the opportunity to choose to appear either virtually or in person based on their own preferences." DE 779-1 at 4. The following day, Zelaya filed his motion to continue, contending that because he has not consented to his attorneys appearing remotely while the government appears in person, the Court should continue the hearing until March 1, 2021.

Argument

The government is at a loss. In light of the ongoing pandemic, the Court has given the parties the option of attending either in person or remotely a long-scheduled hearing set to be conducted in a matter of days. That would not seem capable of causing any problems. Yet,

2

because counsel for the government have said that they intend to appear in person, and because at least one of his four attorneys is for good reason not able to do likewise, Zelaya wants to call the whole thing off for 40 days (with, it should be noted, no assurance that precisely the same scenario now confronting the parties will not be encountered then). The implicit premise of this confounding position is that Zelaya will be prejudiced if some number of his attorneys argue his motions through a computer screen rather than through the layers of Plexiglas that presently adorn the courtroom. But Zelaya does not say, and the government cannot fathom, how or why that situation would prejudice him (nor can the government imagine that the Court cares particularly through what medium a given argument is orally conveyed).

Further, the notion that a continuance is necessary because defense counsel either cannot obtain, or might not be able to obtain in time, Zelaya's consent for the hearing to proceed with some attorneys appearing in person and some participating remotely is difficult to grasp. Certainly nothing in the instant motion supports the proposition. More fundamentally, Zelaya's position does not make sense. If, as seems to be the case, the instant motion to continue the long-scheduled hearing was filed without consulting Zelaya, why would his input be necessary when it comes to whether his attorneys participate in person or remotely? And if the government is wrong and defense counsel did, in fact, obtain Zelaya's permission to file the instant motion, why did they not at the same time solicit his view on the appearance-of-counsel issue that presently (though needlessly) consumes the parties? The absence of any answers to these questions speaks volumes.

In support of the relief he seeks, Zelaya points to the fact that jury trials and grand jury proceedings have been suspended through February 28, 2021. But that recent development underscores the utility of not further delaying the resolution of the pending motions. Particularly now, when much of the work necessitated by the criminal justice system cannot be accomplished, the government respectfully submits that the Court's resources are most efficiently spent resolving

motions that have been fully briefed and are ready to be heard.  Furthermore, there is significant benefit to both parties in obtaining prompt resolution of pending motions, especially when such motions seek relief as consequential as the dismissal of the death penalty as a sentencing option or the production of sensitive reports and informative outlines.  The Court's decision to deny or grant a particular motion will necessarily inform the parties on how best to expend their time and resources going forward.  Moreover, delaying resolution of Zelaya's pending motion to continue will undoubtedly result in a corresponding delay of the trial date, as Zelaya's four attorneys—during the next 40 days—will likely be scheduling hearings and trial dates in other cases, thereby creating scheduling conflicts for a trial in this case in 2021.

While Zelaya predicates much of his motion on Chief Judge Davis' January 8, 2021 Order, that Order does nothing more than continue to require limitations on the number of individuals gathered in a courtroom whenever possible while recognizing that limited exceptions will be necessary to allow continued operation of the Court.  *See* General Order No. 2021-01 at 8–9.  These same limitations have been in place since December 11, 2020.  *See* General Order No. 2020-23 at 4–5.  But, for reasons unknown to the government, Zelaya waited until eight days before the scheduled hearing to invoke these limitations as a ground for seeking a virtual motions hearing.

By giving the parties the option of appearing in Court or remotely, the Court has fully complied with the latest General Order.  Unless government counsel have been in quarantine due to exposure to COVID-19, they have repeatedly elected to appear in person at all hearings in this and related cases where the Court has given the parties the option of appearing in person or remotely.  Government counsel have witnessed firsthand the safety measures the Court and its staff have taken to minimize the spread of COVID-19 in the courtroom and believe that they can appear in person and remain socially distant from others in the courtroom on January 13, 2021.

Zelaya, by withholding his consent to the manner in which his attorneys appear, should not be permitted to veto the manner in which this Court elects to conduct its proceedings.

In the government's view, prompt resolution of the pending motions is more important than the manner in which the Court hears argument on them. Therefore, should the Court believe that having more than ten individuals in the courtroom creates an intolerable risk to the health of the participants, the Court, or the Court's staff, the government prefers proceeding with a remote hearing than postponing it until March 1, 2021. In addition, the government is amenable to having the Court resolve all of the motions on the papers unless the Court believes additional argument will facilitate their resolution.[1]

## Conclusion

For the reasons stated above, the government disagrees that postponing resolution of the pending motions is the appropriate response to the January 8, 2021 General Order or Zelaya's potential unwillingness to consent to have his attorneys participate remotely while the prosecutors appear in person. Accordingly, the Court should deny Zelaya's motion to continue the January 13, 2021 hearing.

                                                          Respectfully submitted,

                                                          G. Zachary Terwilliger
                                                          United States Attorney

By:       /s/
         Rebeca H. Bellows
         Alexander E. Blanchard
         Cristina C. Stam
         Assistant United States Attorneys
         United States Attorney's Office

---

[1] Given that, despite having been afforded an opportunity and a deadline to do so, Zelaya elected not to file reply memoranda for several of his motions, *see* DE 724, 727, 758, the government believes that Zelaya may share the government's sentiment, at least regarding the aforementioned motions, that, unless the Court believes it would be helpful, further argument is unnecessary.

2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3982
becky.bellows@usdoj.gov
alexander.blanchard@usdoj.gov
cristina.stam@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                                                /s/
                                               Rebeca H. Bellows
                                               Assistant United States Attorney