IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| ELMER ZELAYA MARTINEZ, ) | Criminal Action No. 1:18-cr-123-2 (RDA) |
| ) | |
| RONALD HERRERA CONTRERAS, ) | Criminal Action No. 1:18-cr-123-4 (RDA) |
| ) | |
| HENRY ZELAYA MARTINEZ, ) | Criminal Action No. 1:18-cr-123-6 (RDA) |
| ) | |
| PABLO MIGUEL VELASCO BARRERA, ) | Criminal Action No. 1:18-cr-123-8 (RDA) |
| ) | |
| DUGLAS RAMIREZ FERRERA, ) | Criminal Action No. 1:18-cr-123-12 (RDA) |
| ) | |
| Defendants. ) | |

## ORDER

This matter came before the Court on the Government's Motion to Preclude Argument, Evidence, and Instruction on Duress Defense. Dkt. 1192. The Court heard argument on the Motion on June 27, 2022, after the respective parties had presented their cases-in-chief. Dkt. 1220.

To assert a duress defense, a defendant must be able to make a showing that would allow a reasonable juror to find by a preponderance of the evidence standard that the four requirements outlined in *United States v. Crittendon*, 883 F.2d 326, 300 (4th Cir. 1989), are satisfied: (1) that they were under an unlawful and present threat of death or serious bodily injury; (2) that they did not recklessly place themselves in a situation where they would be forced to engage in criminal conduct; (3) that they had no reasonable legal alternative; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. Where the defendant can make no such *prima facie* showing, the defendant may be precluded from presenting evidence of that defense to the jury. *See, e.g., United States v. Gorham Bey*, 373 F. App'x 394

(4th Cir. 2010).

In this case, even assuming the duress defense were available as a matter of law, the Court found that while Defendants may have been fearful of retribution if they refused to participate in the crimes alleged in the Second Superseding Indictment, they failed to show that Defendants or a third party were under a real and specific imminent threat at the time of their alleged acts. Both the Fourth Circuit and Virginia courts have made clear that fear of reprisal does not justify criminal conduct; the defendant must show that a real and specific imminent threat existed at the time of the unlawful act. *See, e.g., United States v. King*, 879 F.2d 137, 139 (4th Cir. 1989) ("Fear of reprisal . . . does not justify criminal conduct); *Pancoast v. Commonwealth*, 340 S.E.2d 833, 836 (Va. Ct. App. 1986) ("[v]ague threats of future harm, however alarming, will not suffice to excuse criminal conduct").

Second, the Court found that Defendants voluntarily made the choice to join MS-13 and travel to the scene of the murders of E.E.E.M. and S.A.A.T., recklessly placing themselves in a situation where they could be forced to engage in criminal conduct, including kidnapping and murder.

Finally, as to the final two *Crittendon* factors, the Court found that Defendants have failed to show there was no reasonable legal alternative to these criminal acts or a direct causal relationship between the criminal action and the avoidance of the threatened harm. *See United States v. Bo Wei Hua*, 207 F. App'x 311 (4th Cir. 2006) (holding defendant, who claimed she used fraudulent credit cards under threat of harm to her daughter, possessed the reasonable alternative of reporting the threat to authorities); *Sam v. Commonwealth*, 411 S.E.2d. 832 (Va. Ct. App. 1991) (holding defendant was not entitled to duress instruction as he had a reasonable opportunity to avoid participation in crimes prior to their commission and to obtain aid from police before

coconspirator would have been able to carry out threat against defendant's family).

For these reasons, as well as those stated from the bench, the Court found that Defendants had not carried their burden to mount a duress defense as to any of the counts alleged in the Second Superseding Indictment. The Government's motion (Dkt. 1192) is therefore GRANTED to the extent it seeks to preclude argument or a jury instruction on a duress defense.

It is SO ORDERED.

Alexandria, Virginia
June 29, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge