IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | **Criminal No: 1:18CR123** |
| **ELMER ZELAYA MARTINEZ,** ) | **Hon. Rossi D. Alston** |
| ) | |
| ) | |
| **Defendant** ) | |

## DEFENDANT'S POSITION ON SENTENCING

A sentencing court is required to consider the guideline ranges, *see* 18 U.S.C.A 3553(a) but is permitted to tailor the sentence in light of other statutory concerns as well. Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for-
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28,

|     |     |
| --- | --- |
|     | United States Code, and that are in effect on the date the defendant is sentenced; or |
| (B) | in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code; |
| (5) | any pertinent policy statements-<br>(A) issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2)<br>(B) that is in effect on the date the defendant is sentenced; |
| (6) | the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and |
| (7) | the need to provide restitution to any victims of the offense. |

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

[A] district court shall begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.  The Guidelines are not the only consideration however.  Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented.  If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one.  After

settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Gall v. United States,* 552 US 38, 49-50 (2007) (citations and footnote omitted).

The Eighth Amendment to the United States Constitution prohibits a defendant from being subject to cruel and unusual punishment. U.S. Const. Am. 8. The meaning of the Eighth Amendment, and the term "cruel and unusual punishment" contained within, "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles,* 356 U.S. 86, 101 (1958). As such, a mandatory minimum punishment of life without parole can be unconstitutional. *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012) (holding mandatory sentence of life without parole unconstitutional for juveniles).

In directing a sentencing court, Congress has ordered that the sentencing court "impose a sentence sufficient, but not greater than necessary" to achieve the stated purposes enumerated in 18 U.S.C. § 3553. A court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," and also "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18. U.S.C. §3553.

## ARGUMENT

Mr. Zelaya Martinez should be sentenced to a reasonable term of years that is less than his expected natural life. Mr. Zelaya Martinez was convicted of four counts that require this

Court to impose a sentence of life in prison. However, that requirement is unconstitutional as "cruel and unusual" because it precludes the Court from conducting "individualized sentencing for defendants facing the most serious penalties," *Miller,* 132 S. Ct. 2455, 2460. Mr. Zelaya Martinez is facing, other than the imposition of a death sentence, one of the most serious sanctions this Court can impose, life in prison. A mandatory sentence of life in prison precludes this Court from evaluating and weighing the factors set forth in 18 U.S.C. § 3553 and mandates that Mr. Zelaya Martinez serve 4 life sentences. Mr. Zelaya Martinez respectfully requests that any cumulative sentencing he receives be less than his expected natural life.

Respectfully submitted,
ELMER ZELAYA MARTINEZ

By Counsel

_____/s/_____
Manuel E. Leiva
THE LEIVA LAW FIRM, PLC
3955 Chain Bridge Road
Fairfax, VA 20176
(703) 352-6400
(703) 352-5226 (fax)
mleiva@leiva-law.com

**CERTIFICATE OF SERVICE**

      I certify that on October 14, 2022, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                 _____/s/_____
                                                  Manuel E. Leiva (VSB# 42942)